IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. ___12-33_____ |
| v. | : | DATE FILED:___ June 6, 2012_____ |
| EVENS CLAUDE, | : | VIOLATIONS: |
| a/k/a "E," | | 18 U.S.C. § 371 (conspiracy - 2 counts) |
| a/k/a "Shawn Miranda," | : | 18 U.S.C. § 472 (uttering counterfeit |
| JUDE LUNDI, | | currency - 7 counts) |
| a/k/a "J," | : | 18 U.S.C. § 1029(a)(2) (access device fraud |
| DARNELL FAISON, | | - 6 counts) |
| a/k/a "Nice," | : | 18 U.S.C. § 1028A (aggravated identity |
| NADINE LADD | | theft - 8 counts) |
| | : | 18 U.S.C. § 1344 (bank fraud - 2 counts) |
| | | 18 U.S.C. § 2 (aiding & abetting) |
| | | Notice of forfeiture |

## S U P E R S E D I N G   I N D I C T M E N T

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.    The Home Depot, Inc. ("Home Depot"), Lowe's Companies, Inc.

("Lowe's") and Zale Corporation ("Zale's") were retail stores which offered store credit accounts

to qualified customers for the purchase of merchandise.

2.    VISA was an electronic payment system through which its client

merchants and banks offered credit, cash and debit cards.

3.    Wachovia Bank, Wells Fargo Bank, Ocean First Bank and Manasquan

Saving Bank were financial institutions, the deposits of which were insured by the Federal

Deposit Insurance Corporation.

4.     From in or about September 2008, through on or about October 3, 2011, in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

conspired and agreed together with Steven Montrose, Kevin Sommerville, Johvany Marquez, Warren Polk, who are charged elsewhere, J.C., a/k/a "Mo," now deceased, and others known and unknown to the grand jury, to commit offenses against the United States, that is: (i) to knowingly execute and attempt to execute schemes to defraud Wachovia Bank, Wells Fargo Bank, Ocean First Bank, and Manasquan Savings Bank, in violation of Title 18, United States Code, Section 1344; (ii) to knowingly use, with intent to defraud, an unauthorized access device, in violation of Title 18, United States Code, Sections 1029(a)(2); and, (iii) to knowingly and without lawful authority transfer, possess and use a means of identification of another person, during and in relation to access device fraud and bank fraud, in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4) and (c)(5).

### MANNER AND MEANS

5.     Defendant EVENS CLAUDE and his co-conspirators fraudulently received, transmitted and used the means of identification, including the name, social security number, date of birth, address, bank account number, debit or credit card number, and other identification information of other persons (i.e., the victims), without their knowledge, authorization or consent, to facilitate, cause and attempt to cause:

        a.     new credit accounts created in the names of victims:

        b.     adding unauthorized persons to victims' credit accounts;

c.     extending credit limits on victims' credit accounts;

d.     altering contact information on victims' credit accounts;

e.     making purchases on victims' credit accounts; and,

f.     making withdrawals from victims' bank accounts.

6.     Defendant EVENS CLAUDE and his co-conspirators used the internet from internet ("IP") addresses registered to 149 W. Gale Street, Philadelphia, PA, the Mansion at Bala, 4700 City Avenue, Philadelphia, PA, and elsewhere, to gain access to victims' credit and bank accounts, to create and alter the accounts to enable use of the accounts by the conspirators.

7.     Defendant EVENS CLAUDE and his co-conspirators used multiple prepaid, disposable cell phones to inquire about and alter victims' bank and credit accounts, to use as untraceable contact numbers for victims' credit and bank accounts, to transmit the means of identification of the victims to co-conspirators, and to communicate with co-conspirators.

8.     Defendant EVENS CLAUDE and J.C., a/k/a "Mo," recruited "runners," including Steven Montrose, Kevin Sommerville, Johvany Marquez and Warren Polk and others known and unknown to the grand jury, to pose as authorized users on the victims' credit accounts to buy expensive merchandise at Home Depot, Lowe's, Zales and other retail stores.

9.     Defendant EVENS CLAUDE posed as a store employee on store phones at Home Depot and Lowe's, and posed as a credit account holder on prepaid cell phones, to add the names of runners as authorized users, to extend credit lines, and to check on status of victims' credit accounts.

10.     Defendant EVENS CLAUDE and other co-conspirators caused deliveries of merchandise, including home appliances and construction materials from Home Depot and

-3-

Lowe's, purchased on victims' credit accounts, to staged locations for pick up by conspirators to move, install and use the merchandise elsewhere.

11.     Defendant EVENS CLAUDE provided runners, including Steven Montrose, Kevin Sommerville and others known and unknown to the grand jury, with fraudulent VISA cards in the names of other persons and fake Delaware driver's licenses matching the names on the VISA cards, with photographs of the runners, to enable the runners to purchase expensive merchandise and gift cards for CLAUDE on the fraudulent accounts.

12.     Using forged and stolen checks and the means of identification of victims, defendant EVENS CLAUDE and other co-conspirators, directed runners, including Kevin Sommerville and Warren Polk and others known and unknown to the grand jury, to assume the identities of victim bank customers and as legitimate check recipients, to withdraw money from victims' bank accounts with forged and stolen checks.

## OVERT ACTS

In furtherance of the conspiracy, defendant EVENS CLAUDE and his co-conspirators committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.     On or about November 21, 2008, defendant EVENS CLAUDE transferred fraudulent VISA cards with account numbers ending in –6804, –3486, –9706, –7550, and –3344, to co-conspirator Steven Montrose and a fake Delaware driver's license with Montrose's picture, in the name of "D.R.," to purchase merchandise and gift cards in the amount of approximately $8,062.

2. On or about October 2, 2009, defendant EVENS CLAUDE transferred the means of identification of "J.W." to co-conspirator Kevin Sommerville to withdraw approximately $8,800 with a forged check drawn on the Wachovia Bank account of "J.W."

3. On or about January 6, 2010, a co-conspirator known to the grand jury bought merchandise in the amount of approximately $9,807 at Lowe's, 3800 Aramingo Avenue, Philadelphia, PA, on an account in the name of "J.M.," to which the co-conspirator's name was added as an authorized user by defendant EVENS CLAUDE.

4. On or about April 30, 2011, a co-conspirator unknown to the grand jury bought merchandise in the amount of approximately $2,644 at Lowe's, 9701 E. Roosevelt Boulevard, Philadelphia, PA, on an account in the name of "E.R."

5. On or about May 16, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $4,759 at Home Depot, 2539 Castor Avenue, Philadelphia, PA, on an account in the name of "M.S.," to which Marquez's name was added as an authorized user.

6. On or about May 18, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $1,093 at Lowe's, 3800 Aramingo Avenue, Philadelphia, PA, on an account in the name of "W.P.," to which Marquez's name was added as an authorized user.

7. On or about May 20, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $8,053 at Lowe's, 3800 Aramingo Avenue, Philadelphia, PA, on an account in the name of "L.L. #1," to which Marquez's name was added as an authorized user.

8.      On or about May 25, 2011, defendant EVENS CLAUDE directed co-conspirator Johvany Marquez to buy merchandise at a Lowe's store in Northeast Philadelphia, on an account in the name of "A.L. #1," to which Marquez's name was added as an authorized user.

9.      On or about May 26, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $920 at Lowe's, 1500 North 50th Street, Philadelphia, PA, on an account in the name of "A.L. #2," to which Marquez's name was added as an authorized user.

10.      On or about May 27, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $1,179 at Lowe's, 3421 Horizon Blvd., Trevose, PA, on an account in the name of "L.G.," to which Marquez's name was added as an authorized user.

11.      On or about May 31, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $7,668 at Home Depot, 2539 Castor Avenue, Philadelphia, PA, on an account in the name of "A.M.," to which Marquez's name was added as an authorized user.

From on or about June 2, 2011, to on or about June 3, 2011:

12.      Co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $6,658 at Home Depot, 715 Crescent Street, Brockton, MA, on an account in the name of "G.L-D.," to which Marquez's name was added as an authorized user.

13.      Co-conspirator J.C., a/k/a "Mo," directed Marquez to buy merchandise in the amount of approximately $7,567 at Home Depot, 60 Stockwell Drive, Avon, MA, on an

account in the name of "I.A.," to which Marquez's name was added as an authorized user.

14.     Co-conspirator J.C., a/k/a "Mo," directed Marquez to buy merchandise in the amount of approximately $6,562 at Home Depot, 1149 Hingham Street, Rockland, MA, on an account in the name of "L.L. #2.," to which Marquez's name was added as an authorized user.

15.     Co-conspirator J.C., a/k/a "Mo," obtained and confirmed shipping locations and phone contact numbers from defendant EVENS CLAUDE for goods purchased on the accounts of "G.L-D.," "I.A.," and "L.L. #2."

16.     On or about June 4, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount of approximately $7,834 at Lowe's, 1331 Fairview Blvd., Delran, NJ, on an account in the name of "A.D.," to which Marquez's name was added as an authorized user.

17.     From on or about June 16, 2011, to on or about June 17, 2011, co-conspirator J.C., a/k/a "Mo," directed co-conspirator Johvany Marquez to buy merchandise in the amount totaling approximately $3,281 at Home Depot, 4640 Roosevelt Blvd., Philadelphia, PA, on an account in the name of "G.L-D."

18.     On or about June 23, 2011, defendant EVENS CLAUDE directed co-conspirator Johvany Marquez to buy merchandise totaling approximately $473 at Home Depot, 2539 Castor Avenue, Philadelphia, PA, on an account in the name of "G.L-D."

19.     On or about June 24, 2011, defendant EVENS CLAUDE directed co-conspirator Johvany Marquez to buy merchandise totaling approximately $538 at Home Depot, 4640 Roosevelt Boulevard, Philadelphia, PA, on an account in the name of "G.L-D."

20.     On or about June 25, 2011, defendant EVENS CLAUDE directed co-conspirator Johvany Marquez to buy merchandise totaling approximately $689 at Home Depot, 2539 Castor Avenue, Philadelphia, PA, on an account in the name of "G.L-D."

21.     On or about June 26, 2011, defendant EVENS CLAUDE directed co-conspirator Johvany Marquez to buy merchandise totaling approximately $1,781 at Home Depot, 2539 Castor Avenue, Philadelphia, PA, on an account in the name of "G.L-D."

22.     On or about June 28, 2011, defendant EVENS CLAUDE transmitted by text message the means of identification of "I.A." to co-conspirator Johvany Marquez and directed Marquez to purchase jewelry in the amount of approximately $4,138 at Zales, 804 Bethlehem Pike, North Wales, PA, on a store credit account in the name of "I.A."

23.     On or about July 2, 2011, an unidentified co-conspirator bought a Louis Vuitton pocketbook at King of Prussia, Pennsylvania, for approximately $1,134, using forged check no. 5988 on the Ocean First Bank account of "I.A."

24.     On or about July 3, 2011, an unidentified co-conspirator bought merchandise at Louis Vuitton at King of Prussia, Pennsylvania, for approximately $4,091, in total, using forged check no. 5995 on the Ocean First Bank account of "I.A."

25.     On or about July 7, 2011, using the means of identification of "I.A.," defendant EVENS CLAUDE attempted and facilitated attempts to set up an online bill pay account for the Ocean First Bank account of "I.A."

On or about July 8, 2011:

26.     Defendant EVENS CLAUDE directed co-conspirator Warren Polk to attempt to pay for merchandise at Best Buy with an Ocean First Bank check no. 5952 drawn on

-8-

the account of "I.A." in the amount of $2,340;

27.    Using the means of identification of "C.W.," defendant EVENS CLAUDE caused co-conspirator Warren Polk to be added as an authorized user on a Home Depot credit account in the name of "C.W.;"

28.    Defendant EVENS CLAUDE directed co-conspirator Warren Polk to purchase merchandise totaling approximately $6,059 on the account of "C.W." at Home Depot at 4640 Roosevelt Boulevard, Philadelphia, PA.

29.    On or about July 9, 2011, defendant EVENS CLAUDE directed co-conspirator Warren Polk to purchase merchandise totaling approximately $1,979 on the account of "C.W." at Home Depot at 4640 Roosevelt Boulevard, Philadelphia, PA.

On or about July 11, 2011:

30.    Using the means of identification of "L.C.," defendant EVENS CLAUDE caused co-conspirator Warren Polk to be added as an authorized user on a Lowe's credit account in the name of "L.C.;"

31.    Defendant EVENS CLAUDE directed Polk to purchase merchandise totaling approximately $6,196 at Lowe's at 2106 South Columbus Boulevard, Philadelphia, PA, on the account of "L.C.;"

32.    Using the means of identification of "D.W.," defendant EVENS CLAUDE attempted to cause and facilitate an extension of credit of $8,000 on a Home Depot account of "D.W.;"

33.    Using the means of identification of "R.C. #1," defendant EVENS CLAUDE caused a co-conspirator known to the grand jury to be added as an authorized user on a

-9-

Home Depot account in the name of "R.C. #1," and to purchase merchandise in the amount of approximately $7,962 on a Home Depot account of "R.C. #1."

34. On or about July 12, 2011, using the means of identification of "M.A.," defendant EVENS CLAUDE attempted to cause and facilitate an extension of credit by $8,000 on a Home Depot account of "M.A."

On or about July 14, 2011:

35. Using the means of identification of "R.C.#2," "J.V.," "E.V.," and "K.J.," defendant EVENS CLAUDE attempted to cause and facilitate extensions of credit of $8,000 on the Home Depot accounts in the names of each of these victims;

36. Using the means of identification of "I.A.," defendant EVENS CLAUDE attempted to cause and facilitate a fraudulent address change and to set up an online bill payment service on the Manasquan Savings Bank account of "I.A."

37. On or about July 18, 2011, and on or about July 20, 2011, defendant EVENS CLAUDE transferred to co-conspirator Warren Polk the means of identification of "I.A.," a fake Delaware driver's license and a prepaid VISA card in the name of "I.A.," to withdraw and attempt to withdraw approximately $9,600, in total, from the Wells Fargo bank account of "I.A."

On or about September 23, 2011:

38. Defendant EVENS CLAUDE possessed, among other things: (a) the means of identification of other persons, including "M.S.," "I.A.," "J.V.," "E.V." and "E.R.;" (b) a Louis Vuitton handbag worth approximately $2,500 and a Chanel handbag worth approximately $2,750, each obtained in or about May 13, 2011, on the VISA credit account of

-10-

"M.S.;" and, (c) Comcast cable service in the name of "P.C."

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. From in or about April 2010, through on or about June 18, 2010, in the

Eastern District of Pennsylvania and elsewhere, defendants

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda"**
**JUDE LUNDI,**
**a/k/a "J,"**
**DARNELL FAISON,**
**a/k/a "Nice,"**
**NADINE LADD,**

Steven Montrose, Kevin Sommerville, Kevin Hargrove, Mecca Powell, who were charged

elsewhere, and others known and unknown to the grand jury, conspired and agreed together to

commit offenses against the United States, that is, (1) to knowingly sell, transfer and deliver

counterfeit obligations to pass, publish and use them as true and genuine; and, (2) to pass, utter,

publish, and possess, and attempt to pass, utter, publish and possess falsely made, forged, and

counterfeited currency of the United States, with intent to defraud, in violation of Title 18,

United States Code, Sections 472 and 473.

### MANNER AND MEANS

It was a part of the conspiracy that:

2. Defendant EVENS CLAUDE obtained and purchased approximately

1,000 counterfeit $100 Federal Reserve Notes (FRNs) from co-conspirators known and unknown

to the grand jury, to transfer and deliver the counterfeit FRNs to co-conspirators known and

unknown to the grand jury, and to use the counterfeit FRNs as genuine United States currency.

3. Defendant EVENS CLAUDE and his co-conspirators recruited defendants JUDE LUNDY, DARNELL FAISON, NADINE LADD, co-conspirators Steven Montrose, Kevin Hargrove and others known and unknown to the grand jury, to pass counterfeit $100 FRNs in retail stores in Pennsylvania, New Jersey, Delaware, and Massachusetts, and to return the fraudulently-bought merchandise to the retail stores in exchange for genuine currency.

4. Defendant EVENS CLAUDE supplied defendants JUDE LUNDI, DARNELL FAISON, NADINE LADD, co-conspirators Steven Montrose, Kevin Hargrove, Mecca Powell and others known and unknown to the grand jury, with approximately $1,000 to $5,000 in counterfeit $100 FRNs at a time. Co-conspirator Kevin Sommerville received counterfeit $100 FRNs from a co-conspirator known to the grand jury.

5. Defendant EVENS CLAUDE paired up co-conspirators in teams of two or more, recommended diverse locations to avoid detection, and provided transportation and a GPS device to pass counterfeit currency.

6. Defendants EVENS CLAUDE, JUDE LUNDI, DARNELL FAISON, NADINE LADD, co-conspirators Steven Montrose, Kevin Hargrove, Kevin Sommerville, and others known and unknown to the grand jury, individually and in teams, purchased retail merchandise with counterfeit $100 FRNs and returned the merchandise in exchange for genuine U.S. currency.

7. Defendants JUDE LUNDI, DARNELL FAISON, NADINE LADD, co-conspirators Steven Montrose, Kevin Hargrove, and others known and unknown to the grand jury, turned over the genuine currency to defendant EVENS CLAUDE obtained from the return of items bought with counterfeit currency.

8.     Defendant EVENS CLAUDE paid defendants JUDE LUNDI, DARNELL FAISON, NADINE LADD, co-conspirators Steven Montrose, Kevin Hargrove, and others known and unknown to the grand jury, approximately 20 percent of the proceeds.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, defendants EVENS CLAUDE, JUDE LUNDI, DARNELL FAISON, NADINE LADD and their co-conspirators committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1.     On or about April 9, 2010, a co-conspirator known to the grand jury passed approximately $2,600 in counterfeit $100 FRNs for merchandise at a Nieman Marcus store in Upper Merion, Pennsylvania.

On or about April 24, 2010:

2.     Defendants EVENS CLAUDE and JUDE LUNDI passed approximately $600 in counterfeit $100 FRNs for merchandise at a Home Depot store in Clifton Heights, Pennsylvania;

3.     Defendants EVENS CLAUDE and JUDE LUNDI passed approximately $1,100 in counterfeit $100 FRNs for merchandise at a Home Depot store in Claymont, Delaware.

On or about April 25, 2010:

4.     Defendants EVENS CLAUDE and JUDE LUNDI passed approximately $1,400 in counterfeit $100 FRNs for merchandise at a Home Depot store in New Castle, Delaware.

5.     Defendant EVENS CLAUDE and a co-conspirator unknown to the grand jury passed approximately $700 in counterfeit $100 FRNs for merchandise in a Home Depot store in Folsom, Pennsylvania.

6.     On or about May 2, 2010, defendants EVENS CLAUDE, JUDE LUNDI and a co-conspirator unknown to the grand jury passed approximately $1,400 in counterfeit $100 FRNs for merchandise in a Home Depot store in Lancaster, Pennsylvania.

7.     On or about May 3, 2010, defendant JUDE LUNDI and co-conspirator Steven Montrose passed approximately $1,900 in counterfeit $100 FRNs for merchandise at a Home Depot in Downingtown, Pennsylvania.

8.     On or about May 13, 2010, defendant JUDE LUNDI returned merchandise purchased with counterfeit currency and co-conspirator Steven Montrose passed approximately $600 in counterfeit $100 FRNs for merchandise at a Target store in Abington, Pennsylvania.

9.     On or about May 14, 2010, defendant DARNELL FAISON possessed approximately $1,600 in counterfeit $100 FRNs and attempted to pass approximately $800 of the counterfeit currency for merchandise at Bloomingdales, in Abington, Pennsylvania.

10.     On or about June 2, 2010, defendant DARNELL FAISON and two co-conspirators unknown to the grand jury passed approximately $1,700 in counterfeit $100 FRNs at Walmart in Deptford, New Jersey and approximately $800 in counterfeit $100 FRNs at Lowe's in Voorhees, New Jersey.

On or about June 3, 2010:

11.     Defendant DARNELL FAISON received approximately $670 in genuine currency at Lowe's in Voorhees, New Jersey, for merchandise he returned that was purchased on

the same day at Lowe's in Lawnside, New Jersey, where approximately $2,200 in counterfeit $100 FRNs were passed by co-conspirators unknown to the grand jury;

12.    Defendant JUDE LUNDI passed approximately $1,000 in counterfeit $100 FRNS at a Kmart in Deptford, New Jersey;

13.    Defendant JUDE LUNDI and a co-conspirator unknown to the grand jury passed approximately $300 in counterfeit $100 FRNs at GameStop in Deptford, New Jersey and approximately $1,200 in counterfeit $100 FRNs at Target in Sicklerville, New Jersey.

On or about June 8, 2010:

14.    Defendants EVENS CLAUDE, NADINE LADD, and co-conspirator Steven Montrose passed approximately $1,400 in counterfeit $100 FRNs for merchandise at Kmart and Kohls stores and attempted to pass approximately $600 at Home Depot in Lower Paxton, Pennsylvania.

15.    Defendants JUDE LUNDI and DARNELL FAISON passed approximately $1,100 in counterfeit $100 FRNs at Home Depot in Mechanicsburg, Pennsylvania.

16.    Defendant JUDE LUNDI returned merchandise to Home Depot in Lower Paxton, Pennsylvania, which was purchased at Home Depot in Mechanicsburg, Pennsylvania.

17.    On or about June 9, 2010, defendant NADINE LADD and co-conspirators Steven Montrose and Mecca Powell possessed, passed and attempted to pass approximately $4,800 in counterfeit $100 FRNs for merchandise at various retail stores in Lower Paxton, Pennsylvania.

18.    From on or about June 9, 2010, to on or about June 12, 2010, co-conspirator Kevin Hargove passed approximately $3,300 in counterfeit $100 FRNs for

-16-

merchandise and returned the merchandise for genuine currency at various Kohls stores in Pennsylvania and New Jersey.

19.     On or about June 18, 2010, defendant EVENS CLAUDE stored approximately $1,800 in counterfeit $100 FRNs, in a rented silver Chevrolet Cobalt vehicle at Philadelphia International Airport, Philadelphia, Pennsylvania.

20.     From in or about April to on or about June 17, 2010, defendant EVENS CLAUDE delivered approximately $50,000 in counterfeit $100 FRNs to co-conspirator Steven Montrose.

21.     In or about June 2010, defendant EVENS CLAUDE delivered approximately $10,000 in counterfeit $100 FRNs to co-conspirator Steven Hargrove.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 3, 5 through 7, and 12 of Count One are re-alleged here.

      2.      On or about October 2, 2009, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**EVENS CLAUDE,**
a/k/a "E,"
a/k/a "Shawn Miranda,"

knowingly executed, attempted to execute, and aided and abetted the execution of, a scheme to defraud Wachovia Bank, and to obtain monies owned by and under the care, custody, and control of Wachovia Bank by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

It was part of the scheme that:

      3.      Defendant EVENS CLAUDE and others known and unknown to the grand jury used the means of identification of "J.W." to change the address and phone number listed on the Wachovia checking account of "J.W." and to place an order for new checks to be sent to the new address.

      4.      Defendant EVENS CLAUDE gave to co-schemer Kevin Sommerville, charged elsewhere, a stolen check on the Wachovia Bank checking account of "J.W."

      5.      On or about October 2, 2009, Sommerville attempted to withdraw $8,800 from "J.W.'s" account" with a stolen check provided by defendant EVENS CLAUDE.

      All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 3, 5 through 7 and 12 of Count One are realleged here.

2. From on or about July 18, 2011, through on or about July 20, 2011, in the Eastern District of Pennsylvania, and elsewhere, defendant

**EVENS CLAUDE,**
a/k/a "E,"
a/k/a "Shawn Miranda,"

knowingly executed, and attempted to execute, and aided and abetted the execution of, a scheme to defraud Wells Fargo Bank, and to obtain monies owned by and under the care, custody and control of Wells Fargo Bank by means of materially false and fraudulent pretenses, representations and promises.

**THE SCHEME**

It was part of the scheme that:

On or about July 18, 2011:

3. Defendant EVENS CLAUDE transferred the means of identification of "I.A.," a Wells Fargo Bank customer, including the name, bank account number and a fraudulent Delaware driver's license and prepaid VISA card in the name of "I.A." to co-schemer Warren Polk, charged elsewhere, and directed Polk to withdraw approximately $4,800 from the Wells Fargo bank account of "I.A."

5. Using the means of identification provided by defendant EVENS CLAUDE, Polk posed as "I.A." at a Wells Fargo Bank branch in Ardmore, Pennsylvania,

-19-

presented a withdrawal slip to a teller with the means of identification of "I.A.," and withdrew approximately $4,800 in cash from the bank account of "I.A."

6. Polk returned the means of identification of "I.A." and approximately $4,800 in cash withdrawn from "I.A.'s" bank account to defendant EVENS CLAUDE.

On or about July 20, 2011:

7. Defendant EVENS CLAUDE transferred the name, bank account number of I.A. and a fraudulent Delaware driver's license and prepaid VISA card in the name of "I.A." to Polk, and directed Polk to withdraw approximately $4,800 in cash from the Wells Fargo bank account of "I.A."

8. Using the means of identification provided by defendant EVENS CLAUDE, Polk posed as "I.A." at a Wells Fargo Bank branch in Rosemont, Pennsylvania, presented to a teller a withdrawal slip with the means of identification of "I.A.," and attempted to withdraw approximately $4,800 in cash from the bank account of "I.A."

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 and 5 through10 of Count One are realleged here.

      2.      On or about May 25, 2011, in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

knowingly and with the intent to defraud, trafficked in and attempted to use, and aided and abetted the trafficking and attempted use of, an unauthorized access device, that is, a Lowe's credit card in the name of "A.L. #1," a person known to the grand jury, and to obtain things of value aggregating $1,000 or more during a one-year period, for a total of approximately $3,000, thereby affecting interstate commerce.

      In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 and 5 through10 of Count One are realleged here.

2. From on or about June 2, 2011, through on or about June 26, 2011, , in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the trafficking and use of, an unauthorized access device, that is, a Home Depot credit card in the name of "G.L-D.," a person known to the grand jury, and obtained things of value aggregating $1,000 or more during a one-year period, for a total of approximately $12,814, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

**COUNT SEVEN**

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 and 5 through 8 of Count One are realleged here.

2.    On or about June 28, 2011, in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the trafficking and use of, an unauthorized access device, that is, a Zales credit account in the name of "I.A.," a person known to the grand jury, and attempted to obtain things of value aggregating $1,000 or more during a one-year period, for a total of approximately $4,138, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

# COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  Paragraphs 1 and 5 through 10 of Count One are realleged here.

2.  From on or about July 8, 2011, to on or about July 9, 2011, in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the trafficking and use of, an unauthorized access device, that is, a Home Depot credit card in the name of "C.W.", a person known to the grand jury, and obtained things of value aggregating $1,000 or more during a one-year period, for a total of approximately $8,039, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

# COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 1 and 5 through 10 of Count One are realleged here.

2.    On or about July 11, 2011, in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the trafficking and use of, an unauthorized access device, that is, a Lowe's credit card in the name of "L.C.," a person known to the grand jury, and obtained things of value aggregating $1,000 or more during a one-year period, for a total of approximately $5,970, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 and 5 through 10 of Count One are realleged here.

      2.      On or about July 11, 2011, in the Eastern District of Pennsylvania and elsewhere, defendant

**EVENS CLAUDE,**
a/k/a "E,"
a/k/a "Shawn Miranda,"

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the trafficking and use of, an unauthorized access device, that is, a Home Depot credit card in the name of "R.C. #1," a person known to the grand jury, and obtained things of value aggregating $1,000 or more during a one-year period, for a total of approximately $7,962, thereby affecting interstate commerce.

      In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNTS ELEVEN THROUGH EIGHTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

From on or about October 2, 2009, through on or about July 20, 2011, in the

Eastern District of Pennsylvania and elsewhere, defendant

### EVENS CLAUDE,
a/k/a "E,"
a/k/a "Shawn Miranda,"

knowingly and without lawful authority, transferred, possessed and used, and aided and abetted

the transfer, possession and use of, a means of identification of another person, that is, the use of

the name and personal identifying information of the persons indicated below, each person

constituting a separate count, during and in relation to bank fraud or access device fraud.

| COUNT | ON OR ABOUT | VICTIM | IN RELATION TO |
|-------|-------------|--------|----------------|
| 11 | 10/2/09 | "J.W." | bank fraud |
| 12 | 5/24/11 | "A.L. #1" | access device fraud |
| 13 | 6/2/11 | "G.L-D." | access device fraud |
| 14 | 6/28/11 | "I.A." | access device fraud |
| 15 | 7/18/11 to 7/20/11 | "I.A." | bank fraud |
| 16 | 7/5/11 to 7/9/11 | "C.W." | access device fraud |
| 17 | 7/11/11 | "L.C." | access device fraud |
| 18 | 7/14/11 | "R.C. #1" | access device fraud |

All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4),

(c)(5) and 2.

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs 2 through 8 of Count Two are realleged here.

2.      On or about April 24, 2010, in the Eastern District of Pennsylvania and elsewhere, defendants

**EVENS CLAUDE,**
a/k/a "E,"
a/k/a "Shawn Miranda,"
**and**
**JUDE LUNDI,**
a/k/a "J,"

with intent to defraud, knowingly possessed, passed and attempted to pass, and aided and abetted the possession and passing of falsely made, forged, and counterfeited obligations of the United States, that is, approximately $1,700 in counterfeit $100 Federal Reserve Notes.

In violation of Title 18, United States Code, Sections 472 and 2.

## COUNT TWENTY

**THE GRAND JURY FURTHER CHARGES:**

      1.     Paragraphs 2 through 8 of Count Two are realleged here.

      2.     From on or about May 3, 2010, in Downingtown, in the Eastern District of

Pennsylvania, defendants

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**
**and**
**JUDE LUNDI,**
**a/k/a "J,"**

with intent to defraud, knowingly possessed, passed and attempted to pass, and aided and abetted

the possession and passing of falsely made, forged, and counterfeited obligations of the United

States, that is, approximately $1,900 in counterfeit $100 Federal Reserve Notes.

      In violation of Title 18, United States Code, Sections 472 and 2.

## COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES:**

1.      Paragraphs 2 through 8 of Count Two are realleged here.

2.      On or about June 2, 2010, in the Eastern District of Pennsylvania and

elsewhere, defendants

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**
**and**
**DARNELL FAISON,**
**a/k/a "Nice,"**

with intent to defraud, knowingly possessed, passed and attempted to pass, and aided and abetted

the possession and passing of falsely made, forged, and counterfeited obligations of the United

States, that is, approximately $2,500 in counterfeit $100 Federal Reserve Notes.

In violation of Title 18, United States Code, Sections 472 and 2.

## COUNT TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES:**

1.　　Paragraphs 2 through 8 of Count Two are realleged here.

2.　　On or about June 8, 2010, in the Eastern District of Pennsylvania and

elsewhere, defendants

**EVENS CLAUDE,**
a/k/a "E,"
a/k/a "Shawn Miranda,"
**JUDE LUNDI,**
a/k/a "J,"
and
**DARNELL FAISON,**
a/k/a "Nice,"

with intent to defraud, knowingly possessed, passed and attempted to pass, and aided and abetted

the possession and passing of falsely made, forged, and counterfeited obligations of the United

States, that is, approximately $1,100 in counterfeit $100 Federal Reserve Notes.

In violation of Title 18, United States Code, Sections 472 and 2.

## COUNT TWENTY-THREE

**THE GRAND JURY FURTHER CHARGES:**

      1.     Paragraphs 2 through 8 of Count Two are realleged here.

      2.     On or about June 8, 2010, in the Eastern District of Pennsylvania and

elsewhere, defendants

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda"**
**and**
**NADINE LADD**

with intent to defraud, knowingly possessed, passed and attempted to pass, and aided and abetted

the possession and passing of falsely made, forged, and counterfeited obligations of the United

States, that is, approximately $1,400 in counterfeit $100 Federal Reserve Notes.

      In violation of Title 18, United States Code, Sections 472 and 2.

## COUNT TWENTY-FOUR

**THE GRAND JURY FURTHER CHARGES:**

      1.      Paragraphs 2 through 8 of Count Two are realleged here.

      2.      On or about June 9, 2010, in the Eastern District of Pennsylvania and elsewhere, defendants

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda"**
**and**
**NADINE LADD**

with intent to defraud, knowingly possessed, passed and attempted to pass, and aided and abetted the possession and passing of falsely made, forged, and counterfeited obligations of the United States, that is, approximately $4,800 in counterfeit $100 Federal Reserve Notes.

      In violation of Title 18, United States Code, Sections 472 and 2.

## COUNT TWENTY-FIVE

**THE GRAND JURY FURTHER CHARGES:**

1.     Paragraphs 2 through 8 of Count Two are realleged here.

2.     On or about June 18, 2010, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

with intent to defraud, knowingly possessed falsely made, forged, and counterfeited obligations

of the United States, that is, approximately $1,800 in counterfeit $100 Federal Reserve Notes.

In violation of Title 18, United States Code, Sections 472 and 2.

## NOTICE OF FORFEITURE NO. 1

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 371, 1029(a)(2), and 1344, set forth in this indictment, defendant

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of $246,753.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred to, sold to, or deposited with a third party;

c.  has been placed beyond the jurisdiction of this Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).

## NOTICE OF FORFEITURE NO. 2

1.     As a result of the violations of Title 18, United States Code, Sections 371

and 472, set forth in this indictment, defendants

**EVENS CLAUDE,**
**a/k/a "E,"**
**a/k/a "Shawn Miranda,"**
**JUDE LUNDI**
**a/k/a "J,"**
**DARNELL FAISON**
**a/k/a "Nice,"**
**NADINE LADD**

shall forfeit to the United States of America any property, real or personal, that constitutes or is

derived from proceeds traceable to the commission of such offenses, as charged in this

indictment, including, but not limited to, the sum of $100,000.

2.     If any of the property subject to forfeiture, as a result of any act or

omission of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided

           without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).

**A TRUE BILL:**

_____
**FOREPERSON**

_____
**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**