IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    **Criminal No. 12-33** |
| | : |
| EVENS CLAUDE | : |
|    *a/k/a* "E," | : |
|    *a/k/a* "Shawn Miranda" | : |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As the result of the defendant's conviction as to Counts One and Two of the Superseding Indictment, charging a violation of 18 U.S.C. § 371, conspiracy; for which the Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, the defendant shall forfeit to the United States all his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

2. As the result of the defendant's conviction as to Counts Three through Ten, and Twenty-Four and Twenty-Five of the Superseding Indictment, charging violations of 18 U.S.C. § 1344, 1029(a)(2), and 472; for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(2), the defendant shall forfeit to the United States all his right, title, and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses.

3. The Court has determined, based upon the evidence presented at trial, that the following specific property is subject to forfeiture as a result of the defendant's conviction to the illegal acts alleged in Counts One through Ten, and Counts Twenty-Four and Twenty-Five of the

Superseding Indictment, and that the government has established the requisite nexus between such property and such offenses:

      a.    **a personal money judgment in the amount of $609,210.30**

      b.    **one black Samsung flat screen TV;**

      c.    **one 50-inch black Sony Bravia LCD flat screen TV;**

      d.    **one 47-inch black Phillips flat screen TV; and**

      e.    **$313.00 in United States currency.**

4. Upon the entry of this Order, the United States is authorized to seize the property described at paragraph 3 above, conduct any discovery necessary to identify, locate, or to dispose of the property subject to forfeiture, and to commence third party proceedings in accordance with Fed.R.Crim.P. 32.2(b)(3).

5. Pursuant to 21 U.S.C. § 853(n)(1), made applicable pursuant to 28 U.S.C. § 2461(c), the United States Government shall publish on an official internet government forfeiture site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

8. Any person, other than defendant, asserting a legal interest in the property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

9. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

10. After the disposition of any petition filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

13. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

14.     The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Secret Service and to counsel for the parties.

ORDERED this 29th day of AUGUST, 2014.

_____
HONORABLE JAN E. DUBOIS
Senior Judge, United States District Court